**Jeff SMITH, Plaintiff–Appellant,**

v.

**Robert K. WOODS, Defendant–Appellee.**

No. 06–2370–pr.

United States Court of Appeals, Second Circuit.

March 12, 2007.

Jeff Smith, pro se, New York, New York, for Appellant.

Martin A. Hotvet, Assistant Solicitor General (Nancy A. Spiegel, on the brief), for Eliot Spitzer, Attorney General of the State of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

This is an appeal from an order of the District Court for the Northern District of New York (Hurd, J.), granting summary judgment to defendant-appellee Robert K. Woods. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed *de novo. Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir.2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

■ *First Amendment claim.* Even assuming *arguendo* that Smith engaged in protected speech, he has failed to create a triable issue as to whether there was a "causal connection between the protected speech and the adverse action." *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir.

2004). This claim was therefore appropriately dismissed.

■ *Fourth Amendment claims.* Because Smith had no reasonable expectation of privacy in his prison cell, his claim that it was searched unreasonably must fail. *See Hudson v. Palmer*, 468 U.S. 517, 525–26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). His claim regarding a search of his outgoing and incoming mail fails as conclusory. *See Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir.1997). And we do not reach his claim regarding a strip-search, because it was not raised below. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 380 n. 22 (2d Cir.2006) (citation omitted).

■ *Eighth Amendment claim.* Because Smith failed to utilize the Department of Correction's internal procedures before bringing his Eighth Amendment claim to federal court, the district court correctly dismissed it for failure to exhaust administrative remedies. *See Jones v. Bock*, — U.S. ——, 127 S.Ct. 910, 923, 166 L.Ed.2d 798 (2007) ("[I]t is the prison's requirements ... that define the boundaries of proper exhaustion.").

■ *Fourteenth Amendment claim.* Because Smith's disciplinary conviction has not been reversed, expunged, or otherwise invalidated, his claim that his due process rights were violated at the disciplinary hearing must fail. *See Edwards v. Balisok*, 520 U.S. 641, 647, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

*Conspiracy claim.* Smith's claim that Woods conspired with other prison officials against him is without any factual foundation, and therefore also fails. *See Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir.2003).

We have considered all of Smith's remaining arguments and find them to be

without merit. The judgment of the district court is hereby **AFFIRMED.**